IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KERMIT POULSON,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN KIRKEGARD,<br><br>Defendant. | CV-14-000043-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES JUDGE |

Plaintiff Kermit Poulson initiated this action by filing what the Court construed as a Complaint pursuant to 42 U.S.C. § 1983 and two supplemental pleadings. The pleadings made vague claims regarding the conditions of confinement at Montana State Prison. (Docs. 1, 5, 10.) The Court conducted an initial screening of Mr. Poulson's filings and determined that the Complaint and Supplements failed to state a claim upon which relief may be granted. Mr. Poulson was given an opportunity to file an amended complaint. (Doc. 13.) After the filing of that Order, Mr. Poulson submitted another supplement to his Complaint. On February 5, 2015, he filed a Notice of Voluntary Dismissal (Doc. 15), and the case was closed.

Mr. Poulson filed an Amended Complaint on February 11, 2015 (Doc. 16), which the Court would not consider since the case was closed. (Doc. 17.)

1

Currently pending is Mr. Poulson's Motion to Withdraw his Notice of Voluntary Dismissal. (Doc. 18.)

## I. MOTION TO WITHDRAW VOLUNTARY DISMISSAL

Mr. Poulson states that he was under a lot of stress and suffering from high levels of anxiety and depression. He alleges he has suffered a concussion and asked for a dismissal by mistake. He was allegedly ill-advised by a person suffering from dementia. (Doc. 18 at 2.)

In light of Mr. Poulson's alleged medical condition and the short period of time that has elapsed since the filing of the voluntary dismissal, the Court will allow the withdrawal of the voluntary dismissal and direct the Clerk to reopen this matter.

## II. MOTION FOR RECUSAL

In his Motion to Withdraw the Voluntary Dismissal (Doc. 18), Mr. Poulson asks that the undersigned recuse himself from this matter. Mr. Poulson alleges the undersigned "has now demonstrated abuse of process by signing out of syncopation and order of filing by requesting amended complaint before a motion to withdraw notice of voluntary dismissal." (Doc. 18 at 3.)

The substantive standard for recusal under 28 U.S.C. §§ 144 and 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would

conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted). Ordinarily, the alleged bias must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554-56 (1994). "The judge against whom the motion for recusal is filed may determine the legal sufficiency of the affidavit." *O'Connor v. U.S.*, 935 F.2d 275 (9th Cir. 1991).

"[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

The undersigned simply conducted an initial screening of Mr. Poulson's Complaint and gave him an opportunity to file an amended complaint. This Court has never displayed antagonism toward Mr. Poulson, and there is no basis on which to question this Court's impartiality in this matter. The motion for recusal will be denied.

**III. INITIAL SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A.**

As set forth in the Court's prior Order, Mr. Poulson is a prisoner proceeding

in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. The Court may dismiss a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B), § 1915A(b).

### A. Applicable Pleading

Mr. Poulson has filed a number of supplements and other filings in addition to his Complaint. His latest filing is the February 11, 2015 Amended Complaint. (Doc. 16.) The filing of an amended complaint supercedes all prior pleadings. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Accordingly, the Court will consider only the February 11, 2015 Amended Complaint in its analysis.

### B. Parties

In his Amended Complaint, Mr. Poulson names the following Defendants: Derrick Budd, Montana State Prison (MSP) Mental Health Technician; Dr. Tristan Elliott Kohut; IPS Prison Officials;[1] Bruce, RN; Mike Batista, Director of the Montana Department of Corrections; Governor Steve Bullock; Lance Griffin, P.A.; and Stephen Scott Piranian. (Amended Complaint, Doc. 16 at 11-12.)

---

[1]Although not defined by Mr. Poulson, the Court will assume for purposes of this Order that "IPS" is an acronym for Inner-Perimeter Security team.

## C. Allegations

Mr. Poulson alleges that on June 25, 2014, he asked for a wheelchair because of his paralysis, but IPS Officers and Derrick Budd denied his request. He contends he was improperly housed in a non-Americans with Disabilities Act (ADA) cell. He states that he was rear-cuffed, stripped naked with reckless force, and made to lay face down on his mattress. He alleges IPS Officers yanked the mattress out from under him, causing him to suffer a concussion. (Doc. 16 at 3.) He alleges his head was slammed onto the concrete; he lost consciousness; and IPS Officers and Derrick Budd did not attempt to revive him. When he came to, he was still denied a wheelchair and was verbally assaulted. He alleges he fell three times trying to get up and was not assisted by IPS Officers. (Doc. 16 at 2.) He contends IPS Officers used excessive force and drew a Taser even though he was in full compliance. He alleges Derrick Budd watched the IPS Officers hurt him, denied him a wheelchair, and slandered him. (Doc. 16 at 7.)

Mr. Poulson also contends that after this incident Dr. Kohut and Nurse Bruce did not take him to the hospital, failed to take him to a doctor, and failed to obtain a CT scan. He alleges his face, head, hand, and arm are numb, and he has sleep deprivation. (Doc. 16 at 3, 5.)

Mr. Poulson alleges he wrote several kites and informal grievances to

5

Warden Kirkegard, but Warden Kirkegard did not obtain a CT scan. He alleges Director Mike Batista was told that the IPS Officers hurt him and that mental health staff and Dr. Kohut did nothing. (Doc. 16 at 9.) Similarly, he alleges Governor Steve Bullock should be held liable for not reprimanding Mike Batista. (Doc. 16 at 9.)

Although they are listed as Defendants, there are no allegations against Lance Griffin, PA, or Stephen Piranian. (Doc. 16 at 12.)

**D. Analysis**

**1. Eighth Amendment–Excessive Use of Force**

"'[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (*quoting Ingraham v. Wright*, 430 U.S. 651, 670 (1977)). Where prison officials stand accused of using excessive force in violation of the Eighth Amendment "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). A prison official does not violate the Eighth Amendment by causing a prisoner pain while responding to a prison disturbance simply because in hindsight the degree of force used appears unreasonable. *Whitley*, 475 U.S. at 319.

Mr. Poulson's allegation that an IPS Officer slammed his head on a concrete bed while Derrick Budd watched and did nothing is sufficient to state a claim for excessive use of force. This claim will be served upon the IPS Officer and Derrick Budd.

Mr. Poulson's allegations of verbal harassment are insufficient to state a constitutional violation and should be dismissed. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (verbal harassment directed at an inmate by prison staff is generally not a constitutional violation).

### 2. Americans with Disabilities Act

The standards for a claim under the Americans with Disabilities Act were clearly set forth in the Court's Order of January 12, 2015. (Doc. 13.) Mr. Poulson was advised that the elements of a cause of action under Title II of the ADA are: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

In addition, the Court's Order explained that a plaintiff cannot bring an action under Title II of the ADA against individual officers. "[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). The proper defendant in a Title II claim is the public entity allegedly responsible for the discrimination. The term "public entity," as encompassed by Title II of the ADA, includes state prisons. *Pa. Dept. of Corrrections v. Yeskey*, 524 U.S. 206, 210 (1998). A state official acting in his official capacity may be a proper defendant pursuant to an ADA Title II claim. *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1188 (9th Cir. 2003).

Mr. Poulson has still failed to provide sufficient factual allegations to support an ADA claim and has failed to name a proper defendant. As such, his ADA claims fail to state a claim upon which relief may be granted. Given that Mr. Poulson was provided the standard for stating an ADA claim and had an opportunity to amend his claim, the Court assumes the defects with these allegations cannot be cured by further amendment.

### 3. Medical Care

Mr. Poulson's claims of inadequate medical care fail to state a claim.

Deliberate indifference under the Eighth Amendment involves the consideration of two elements: "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." *McGuckin*, 974 F.2d at 1059; *see also Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003). That is, a plaintiff must demonstrate "'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (citing *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)).

Mr. Poulson's only denial of medical care claim is that Defendants did not take him to a hospital to obtain a CT scan after he suffered a head injury. As explained in the Court's prior Order, a medical decision to approve or deny a diagnostic test is a "classic example" of a matter for medical judgment and cannot be evidence of deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Mr. Poulson cites to a website that he contends establishes it is common practice to obtain a CT scan after a head injury. (Amended Complaint, Doc. 16 at 14.) Even if this website were a reliable source of admissible information, a difference of opinion regarding medical treatment is insufficient to establish deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Mr. Poulson was given the standard for stating an Eighth Amendment claim

for denial of medical care and had an opportunity to amend his claims. His allegations still fail to state a claim upon which relief may be granted. Accordingly, these claims and Defendants Kohut and Bruce should be dismissed.

### 4. Defendants Kirkegard, Batista, and Bullock

As Mr. Poulson was advised in the Court's prior Order, an individual can be held liable in their individual capacity under a theory of supervisory liability "based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691-94. That is, a defendant cannot be held liable just because they supervise other employees. Instead, supervising officers can be held liable under § 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).

Mr. Poulson's claims against Warden Kirkegard, Director Batista, and Governor Bullock all arise out of their alleged failure to respond to Mr. Poulson's grievances. A prison official's review and denial of an inmate's grievances, without more, cannot serve as the basis for liability under 42 U.S.C. § 1983. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("a prisoner has no

constitutional right to prison grievances procedures") (*citing Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)), *cert. denied* 541 U.S. 1063 (2004).

Moreover, there is no basis for supervisory liability against these Defendants. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr*, 652 F.3d at 1207. That is, to impose liability under section 1983 against a supervisor, a plaintiff must establish the supervisor's prior knowledge of unconstitutional conditions or unconstitutional conduct committed by subordinates that would give the supervisor notice of the need for changes. *Howell v. Earl*, 2014 WL 2594235 (D.Mont. 2014) (*citing Starr*, 652 F.3d at 1208; *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011)); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991), *Watkins v. City of Oakland*, 145 F.3d 1087, 1093–94 (9th Cir. 1997), and *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007).

A supervisor who is informed of an alleged constitutional violation, e.g., pursuant to reviewing an inmate's administrative grievance, may be liable if he or she failed to remedy it. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006). If a constitutional violation is complete, however, and a supervisory grievance

reviewer is simply making a determination on whether the prison should provide a remedy for a past violation, the supervisory grievance reviewer has no part in causing the constitutional violation.

The only viable claim remaining in this action is Mr. Poulson's excessive force claim. Any grievance he may have submitted to Warden Kirkegard, Director Batista, and/or Governor Bullock regarding that incident would have been a request to remedy a past violation. As such, these Defendants could not have caused the alleged constitutional violation. All claims against Warden Kirkegard, Director Batista, and Governor Bullock should be dismissed.

## IV. CONCLUSION

Mr. Poulson's verbal harassment, ADA, and medical care claims fail to state a claim upon which relief may be granted. The deficiencies set forth above could not be cured by the allegation of additional facts. Therefore, these claims and Defendants Kohut, Bruce, Kirkegard, Batista, and Bullock should be dismissed with prejudice. Mr. Poulson brought no claims against Defendants Griffin and Piranian. These Defendants should also be dismissed.

The Complaint will be served upon Defendant Budd and the IPS Officers involved in the incident on June 25, 2014.

Based upon the foregoing, the Court issues the following:

# ORDER

1. Mr. Poulson's Motion to Withdraw the Notice of Voluntary Dismissal (Doc. 18) is **GRANTED**. The Clerk shall reopen this case.

2. Mr. Poulson's Request that the undersigned recuse himself from this matter as contained in the Motion to Withdraw the Notice of Voluntary Dismissal (Doc. 18 at 3) is **DENIED**.

3. Pursuant to Fed.R.Civ.P. 4(d), Defendants Budd and the IPS Officers involved in the incident on June 25, 2014 are requested to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If these Defendants choose to return the Waiver of Service of Summons, the answer or appropriate motion will be due within 60 days after the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

4. The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

- \*     Complaint (Doc. 2);
- \*     Supplement to Complaint (Doc. 5);
- \*     Supplement to Complaint (Doc. 10);

* January 12, 2015 Order (Doc. 13);
* Supplement to Complaint (Doc. 14);
* Amended Complaint (Doc. 16);
* Motion to Withdraw Notice of Voluntary Dismissal (Doc. 18);
* this Order;
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons.

5. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, and must be served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. The Court will not consider requests made or information presented in letter form.

6. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

7. Mr. Poulson <u>must not</u> make any motion for default until at least seventy (70) days after the date of this Order.

8. At all times during the pendency of this action, Mr. Poulson must

immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Poulson's verbal harassment, ADA, and medical care claims should be **DISMISSED WITH PREJUDICE**.

2. Defendants Kohut, Bruce, Kirkegard, Batista, Bullock, Griffin, and Piranian should be **DISMISSED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Poulson may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed

---

[2]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 16th day of March, 2015.


      /s/ John Johnston
John Johnston
United States Magistrate Judge

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: Legal Counsel for the Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against Derrick Budd and IPS Officers involved in incident on June 25, 2014. A copy the Amended Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-14-43-H-DLC-JTJ. The Court has completed its pre-screening and concludes these Defendants must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion within 60 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

    */s/ John Johnston*
    John Johnston
    United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

     The following Defendants acknowledge receipt of your request to waive service of summons in the following action: *Poulson v. Kirkegard, et al.*, Civil Action No. CV-14-43-H-DLC-JTJ, filed in the United States District Court for the District of Montana. Defendants also received a copy of the Amended Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____;  _____;

_____;  _____;

_____;  _____;

_____;  _____;

     The above-named Defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand judgments may be entered against the above-named Defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

_____       _____
DATE                                                 SIGNATURE

                                                 _____
                                                 PRINTED/TYPED NAME

                                                 _____

                                                 _____
                                                 ADDRESS