IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KERMIT POULSON,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN KIRKEGARD,<br><br>Defendant. | CV-14-000043-H-DLC-JTJ<br><br>FINDINGS AND<br>RECOMMENDATION |

Plaintiff Kermit Poulson has filed a "Motion Requesting Additional Defendant, Requesting an Out of Time Addition because of Relevance of Denial of CT/Scan with Knowledge of Concussion, Blood Clot" (Doc. 24), which the Court construes as a Motion to Amend, and a "Motion for CT/scan re-appointment of different counsel" (Doc. 25),[1] which the Court construes as a Motion for Preliminary Injunction. The motions should be denied.

I. Background

Mr. Poulson has filed a Complaint (Doc. 1), three supplements (Docs. 5, 10, 14), and an Amended Complaint (Doc. 16), all of which the undersigned

---

[1] Although Mr. Poulson entitles his motion as a request for "re-appointment of different counsel," he makes no mention of counsel in the body of the motion. Mr. Poulson has not been appointed counsel in this matter. The Court will, therefore, only consider Mr. Poulson's request for a CT scan.

1

considered in the initial screening mandated by 28 U.S.C. §§ 1915 and 1915A.  In his prior pleadings, Mr. Poulson alleged Dr. Kohut and Nurse Bruce failed to take him to the hospital, take him to a doctor, and obtain a CT scan after he suffered an alleged head injury on June 25, 2014.  (Doc. 16 at 3, 5.)  He also alleged Director Batista did not remedy the situation despite being told that Inner-Perimeter Security (IPS) Officers had hurt Mr. Poulson and that mental health staff and Dr. Kohut had done nothing.  (Doc. 16 at 9.)

Mr. Poulson's verbal harassment, American Disabilities Act, and medical care claims fail to state a claim upon which relief may be granted.  The undersigned recommended the dismissal of these claims and of Defendants Kohut, Bruce, Kirkegard, Batista, Bullock, Griffin, and Piranian.  The Complaint was served upon Defendant Budd and the IPS Officers involved in the alleged excessive force incident on June 25, 2014.  (Doc. 19.)  Defendants have not yet filed a responsive pleading.

## II.  Motion to Amend

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleadings once "as a matter of course" 21 days after serving the complaint or within 21 days after a responsive pleading has been served.  Fed.R.Civ.P. 15(a)(1); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  "In all other cases, a party

2

may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).

"The grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). While a court should freely grant leave to amend, leave to amend might not be allowed in certain cases, such as those involving "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendments, futility of amendment, etc." *Foman*, 371 U.S. at 182; *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). "Futility alone can justify the denial of a motion to amend." *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003).

Since Mr. Poulson has filed three supplements and an amended complaint prior to his current motion (Supplements, Docs. 5, 10, 14; Amended Complaint, Doc. 16), he may only amend his pleadings with leave of court. Mr. Poulson seeks to add Unit Manager Steve Kremer as a Defendant, alleging Mr. Kremer knew Mr. Poulson suffered a concussion on June 25, 2014, but failed to take Mr. Poulson to the hospital. He also alleges Mr. Kremer denied Mr. Poulson's requests to make phone calls to attorneys at Disability Rights Montana when he was denied a CT

scan. Mr. Poulson also seeks to add as a defendant Mike Batista, Director of the Montana Department of Corrections, for failing to respond to Mr. Poulson's grievances.

The Court previously considered and recommended the dismissal of Mr. Poulson's denial of medical care allegations regarding the treatment he received after the June 25, 2014 incident. Mr. Poulson failed to state a claim upon which relief may be granted. As was set forth in the Court's prior Orders, a medical decision to approve or deny a diagnostic test is a "classic example" of a matter for medical judgment and cannot be evidence of deliberate indifference. *See Estelle*, 429 U.S. 97, 107 (1976). Further, a difference of opinion regarding medical treatment is insufficient to establish deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Mr. Poulson seeks to renew the denial of medical care claim against Unit Manager Kremer. However, Mr. Poulson has not stated a clam of denial of medical care; he has only alleged he was denied a CT scan and not taken to the hospital. This allegation fails to state a claim upon which relief may be granted. Therefore, an amendment adding Mr. Kremer as a defendant would be futile, and the motion to amend should be denied.

The Court addressed the allegations Mr. Poulson raised against Director

Batista in the March 16, 2015 Order and recommended the allegations be dismissed. Mr. Poulson has raised no new allegations against Director Batista. Any amendment adding Director Batista would therefore be futile.

**III. Motion for CT/Scan**

The Court construes Mr. Poulson's Motion for a CT Scan as a motion for a preliminary injunction. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc.* v. *A.. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly discuss use of a "sliding scale approach to

5

preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance/or the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks omitted).

Nevertheless, a preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

Mr. Poulson requests the Court order Dr. Kohut or PA Griffin to obtain a CT scan for him. Mr. Poulson's claims for denial of medical care, including the denial of a CT scan, have been recommended for dismissal. Therefore, Mr. Poulson cannot establish a likelihood of success on the merits. Moreover, as a general rule courts are unable to issue orders against individuals who are not parties to a suit

6

pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969); *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Since Defendants Kohut and Griffin have been recommended for dismissal and have not been served, the Court has not obtained personal jurisdiction over them. The motion should therefore be denied.

At all times during the pendency of this action, Mr. Poulson must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATION

1. Mr. Poulson's "Motion Requesting Additional Defendant, Requesting an Out of Time Addition because of Relevance of Denial of CT/Scan with Knowledge of Concussion, Blood Clot" (Doc. 24), construed as a Motion to Amend, should be **DENIED**.

2. Mr. Poulson's "Motion for CT/scan re-appointment of different counsel"

(Doc. 25), construed as a Motion for a Preliminary Injunction, should be **DENIED**.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Poulson may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 12th day of May, 2015.

                                         */s/ John Johnston*
                                         John Johnston
                                         United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.