IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KERMIT POULSON, <br><br> Plaintiff, <br><br> vs. <br><br> WARDEN KIRKEGARD, et al., <br><br> Defendants. | CV-14-000043-H-DLC-JTJ <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Kermit Poulson is a prisoner proceeding in forma pauperis and without counsel. He has filed a "Motion for CT/Scan, MRI (5th Request)" (Doc. 32), a document entitled "Writ to Subpoena Walter Cassell, Isaaiah Morsette, et al" (Doc. 33) that the Court construes as a motion for trial subpoenas, a "Motion Requesting Additional Petitioner Mike Spell, AO #3015936, and Change of Suit to Class Action" (Doc. 35), a "Motion for the Chief Head of Federal Judge in Billings to Hear Complaint on John Johnston" (Doc. 36), and a "Motion to Subpoena Witness Raymond Jones, Mike Spell, C/O Stone, Sgt. Hebert, and Tom Mulligan" (Doc. 38). The motion for trial subpoenas will be denied without prejudice. To the extent Mr. Poulson's motion regarding filing a complaint against the undersigned can be construed as a motion for recusal, it will also be denied. Mr. Poulson's

1

other motions should be denied.

### A. Motion for CT/Scan

The undersigned previously considered Mr. Poulson's motion for a CT scan as a request for a preliminary injunction and recommended that this request be denied. *See May 12, 2015 Findings and Recommendations (Doc. 26).* The undersigned has recommended the dismissal of Mr. Poulson's denial of medical care claims. As such, Mr. Poulson has not made a sufficient showing of likelihood of success on the merits. His speculative concerns regarding his medical condition do not justify the extraordinary remedy of a preliminary injunction in this case. For the reasons set forth in the Court's May 12, 2015 Order, Mr. Poulson's fifth request for a CT scan should be denied.

### B. Motion for Subpoenas

The Court construes Mr. Poulson's documents entitled "Writ to Subpoena Walter Cassell, Isaaiah Morsette, et al" (Doc. 33) and "Motion to Subpoena Witness Raymond Jones, Mike Spell, C/O Stone, Sgt. Hebert, and Tom Mulligan" (Doc. 38) as motions for trial subpoenas. In his first motion, Mr. Poulson requests the United States Marshals Service serve approximately 17 subpoenas to bring witnesses to trial. (Doc. 33.) In his second motion, Mr. Poulson seeks to subpoena six additional individuals to court. He also lists the questions he would like to ask

some of his witnesses. (Doc. 38.)

As this matter has not yet been scheduled for trial, the motions are premature and will be denied without prejudice. Mr. Poulson may conduct discovery in accordance with the Federal Rules of Civil Procedure. Copies of the applicable rules were provided to Mr. Poulson with the May 19, 2015 Scheduling Order (Doc. 29). The Court will not conduct discovery for Mr. Poulson, and he may not file discovery requests with the Court.

**C. Motion to Amend to Add a New Plaintiff**

Mr. Poulson seeks to add another prisoner to this case. He argues that inmate Mike Spell has dyslexia and was subjected to excessive force. (Doc. 35 at 1.) The request should be denied.

Rule 20 of the Federal Rules of Civil Procedure provides that persons may join as plaintiffs in one action if: (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all plaintiffs will arise in the action."

The alleged incidents of excessive force involving Mr. Poulson and Mr. Spell do not appear to arise out of the same transaction, occurrence, or series of transactions or occurrences. Mr. Poulson indicates the alleged incident

with Mr. Spell occurred on June 6, 2014, more than two weeks before prison officials allegedly used excessive force against Mr. Poulson. Mr. Poulson does not indicate which guards were involved in Mr. Spell's incident. This claim appears to be completely and wholly unrelated to Mr. Poulson's pending excessive force claim.

Even if Mr. Poulson could establish that the events arose out of a series of transactions, Mr. Poulson and Mr. Spell could not proceed together in one action for a number of reasons. First, Mr. Spell has not submitted an application to proceed in forma pauperis and has not signed a pleading or any other document filed in this Court. Second, the scant allegations regarding Mr. Spell as set forth in Mr. Poulson's motion are insufficient to state a claim upon which relief may be granted because there are no named defendants. Finally, due to concerns regarding the payment of the filing fee, Rule 11 sanctions, the assessment of strikes pursuant to 28 U.S.C. § 1915(g), and practical difficulties associated with joint litigation among pro se prisoner litigants, it has been the practice in this District to not allow multiple pro se prisoner-plaintiffs to proceed together in a single action.[1]

---

[1] *See, e.g.*, United States Magistrate Judge Carolyn Ostby's Orders in *Swenson v. MacDonald*, No. CV 05-93-GF-SEH-CSO (D. Mont. Jan. 30, 2006) and *Thomas v. Montana State Prison, et al.*, No. 05-48-H-DWM; United States Magistrate Judge Jeremiah C. Lynch's Order in *Raymos v. Hopwood*, et al., No. CV-06-154-M-DWM-JCL (D. Mont. Oct. 11, 2006); and United States Magistrate

Mr. Spell may file a separate lawsuit raising claims specific to him, but Mr. Poulson may not add him as a plaintiff in this action. Mr. Poulson's Motion to Add Mr. Spell as a plaintiff in this action (Doc. 35) should be denied.

**D. Class Action**

This action may not proceed as a class action pursuant to "the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008). The request to proceed as a class action (Doc. 35) should be denied.

**E. Motion to Recuse**

In his motion to add an additional plaintiff (Doc. 35), Mr. Poulson asks that the undersigned be removed from the case. In addition, he has filed a "Motion for the Chief Judge to Hear Complaint on John Johnston." (Doc. 36.) To the extent that these motions can be construed as motions for recusal, they will be denied.

Mr. Poulson continues to allege that my rulings have shown prejudicial bias

---

Judge Strong's Orders in *Glick v. Montana Department of Corrections*, et al., No. CV-07-39-H-DWM-RKS (D.Mont. July 16, 2007), *Smith v. McDonald*, No. CV 07-03-GF-SEH-RKS (D.Mont. May 3, 2007), and *Adams v. Aramark, et al.*, No. CV 07-26-GF-SEH-RKS (D. Mont, April 10, 2007). *See also Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004); *Hagan v. Rogers*, 570 F.3d 146, 152-157 (3rd Cir. 2009); *contra Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001).

5

toward him and favor toward defendants. The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted). Ordinarily, the alleged bias must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554-56 (1994). "The judge against whom the motion for recusal is filed may determine the legal sufficiency of the affidavit." *O'Connor v. U.S.*, 935 F.2d 275 (9th Cir. 1991).

"[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

As set forth in the Court's March 16, 2015 Order, the Court has never displayed antagonism toward Mr. Poulson, and there is no basis on which to question this Court's impartiality in this matter. The motions for recusal will be denied.

Based upon the foregoing, the Court issues the following:

# ORDER

1. Mr. Poulson's document entitled "Writ to Subpoena Walter Cassell, Isaaiah Morsette, et al" (Doc. 33), construed as a motion for trial subpoenas, is **DENIED WITHOUT PREJUDICE**.

2. Mr. Poulson's Motion to Subpoena Witnesses (Doc. 38) is **DENIED WITHOUT PREJUDICE**.

3. Mr. Poulson's request that the undersigned recuse himself from this matter as contained in the Motion to Add a new Plaintiff (Doc. 35) and in the "Motion for the Chief Head of Federal Judge in Billings to Hear Complaint on John Johnston" (Doc. 36) is **DENIED**.

Further, the Court issues the following:

# RECOMMENDATIONS

1. Mr. Poulson's "Motion for a CT/Scan, MRI (5th Request)" (Doc. 32), construed as a motion for preliminary injunction, should be **DENIED**.

2. Mr. Poulson's "Motion Requesting Additional Petitioner Mike Spell" (Doc. 35), construed as a motion to amend, should be **DENIED**.

3. Mr. Poulson's Motion to Change Suit to Class Action (Doc. 35), construed as a motion for class certification, should be **DENIED**.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS &

**RECOMMENDATIONS AND CONSEQUENCES OF FAILURE OBJECT**

Mr. Poulson may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 23rd day of June, 2015.

                                              */s/ John Johnston*
                                              John Johnston
                                              United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.