IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KERMIT POULSON, | CV 14–43–H–DLC–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| WARDEN KIRKEGARD, | |
| Defendant. | |

United States Magistrate Judge John T. Johnston has entered three Findings and Recommendations in this case on March 16, 2015, May 12, 2015, and June 23, 2015. Poulson timely objected to the Findings and Recommendations filed in March and May and so the Court will conduct *de novo* review of the record. 28 U.S.C. § 636(b)(1). Poulson failed to timely object to the Findings and Recommendation filed in June, and so waived the right to *de novo* review. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake

1

has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Since the parties are familiar with the facts of this case, they will only be repeated below as necessary to explain the Court's order. For the reasons listed below, the Court adopts all three of Judge Johnston's Findings and Recommendations in full.

## I.  Findings and Recommendation dated March 16, 2015

After conducting an initial screening of Plaintiff's Amended Complaint, Judge Johnston recommended that Plaintiff's verbal harassment, ADA, and medical care claims be dismissed with prejudice and that Defendants Kohut, Bruce, Kirkegard, Batista, Bullock, Griffin, and Piranian be dismissed. Plaintiff objects to the recommended dismissal of Dr. Kohut and Lance Griffin, PA specifically, and generally to the dismissal of the other defendants, with the exception of Governor Bullock. Plaintiff further asks the Court to order a CT scan and an MRI be done on Plaintiff, requests which are addressed in the second Findings and Recommendation.

Plaintiff contends that Dr. Kohut should be served, reiterating that he failed to order a CT scan after Plaintiff suffered his alleged head injury. Plaintiff argues that he read on a website that it is common practice to obtain a CT scan after a head injury. A medical decision to approve or deny a diagnostic test is a matter for medical judgment and cannot be evidence of deliberate indifference.

*See Estelle v. Gamble*, 429 U.S. 97 (1976). Differing opinions regarding medical treatment are insufficient to establish deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330 (9th Cir. 1996). Plaintiff has failed to state a claim upon which relieve may be granted for denial of medical care, even after an opportunity to amend his claims. Defendants Kohut and Bruce are dismissed.

Although Lance Griffin, PA, is listed as a Defendant, there are no allegations against him[1]. Plaintiff objects that Griffin failed to order a CT scan after Plaintiff suffered his alleged head injury. As discussed above, this allegation, even if it were included in the Amended Complaint, is insufficient to support an Eighth Amendment claim. Defendant Griffin is dismissed.

Plaintiff's claims against Warden Kirkegard and Director Batista arise out of their alleged failure to respond to Plaintiff's grievances. A prison official's review and denial of an inmate's grievances, without more, cannot serve as the basis for liability under 42 U.S.C. § 1983. *Ramirez v. Galaza*, 334 F.3d 850 (9th Cir. 2003). A supervisor who is informed of an alleged constitutional violation may be liable if he fails to remedy it, but cannot be held liable if the constitutional violation is complete. *Jett v. Penner*, 439 F.3d 1091 (9th Cir. 2006). In this case,

---

[1] Plaintiff also names Stephen Piranian as a defendant but does not list any allegations against him.

3

Plaintiff's only viable claim is for excessive force. To the extent he submitted a grievance to Kirkegard or Batista it would have been a request to remedy a past violation. Kirkegard and Batista could not have caused the alleged constitutional violation and are dismissed.

**II.     Findings and Recommendation dated May 12, 2015**

In his second Findings and Recommendation Judge Johnston recommends denying Plaintiff's "Motion Requesting Additional Defendant, Requesting an Out of Time Addition because of Relevance of Denial of CT/Scan with Knowledge of Concussion, Blood Clot" construed as a motion to amend, and Plaintiff's "Motion for CT/scan re-appointment of different counsel" construed as a motion for a preliminary injunction.

Plaintiff objects, renewing his request for a CT scan and asking that Dr. Kohut and Lance Griffin, PA be added as a defendants. Plaintiff has filed three supplemental pleadings and an amended complaint and may only amend his pleadings with leave of court. As discussed in Part I, Dr. Kohut's decision not to order a diagnostic test cannot support an Eighth Amendment claim. The same analysis holds true for Griffin, to the extent he has made any medical decision not to order diagnostic testing. Plaintiff does not present any new evidence or allegations against Kohut or Griffin. As such, they are properly dismissed from

this case and any amendment would be futile. *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003). Plaintiff will not be granted leave to amend.

Plaintiff's objection reiterating his request for a CT scan is properly construed as a motion for a preliminary injunction. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. As discussed in Part I, Plaintiff's claims for denial of medical care, including the denial of a CT scan, are dismissed. Plaintiff is therefore not likely to succeed on the merits. Plaintiff also asks the Court to order persons not party to this case to provide him with a CT scan. These persons have not been served and the Court does not have personal jurisdiction over them at this time. Plaintiff's motion for a CT scan is denied.

Plaintiff's objections also contain a request for damages and attorney's fees. The Court is not in a position at this time to address these requests. Defendants Budd and the IPS Officers involved in the incident at issue have been served and any question of damages or fees will be determined at the resolution of this case.

### III. Findings and Recommendation dated June 23, 2015

Judge Johnston recommends denying Plaintiff's following motions: 1) "Motion for a CT/Scan, MRI (5th Request)" construed as a motion for preliminary injunction; 2) "Motion Requesting Additional Petitioner Mike Spell" construed as a motion to amend; and 3) "Motion to Change Suit to Class Action" construed as a motion for class certification. Plaintiff did not object to the Findings and Recommendation, and so waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1).

Judge Johnston did not clearly err in finding that Plaintiff has not made a sufficient showing of likelihood of success on the merits and that his speculative concerns do not justify the extraordinary remedy of a preliminary injunction. Pursuant to the reasons set forth in Part II, Plaintiff's fifth request for a CT scan is denied.

Judge Johnston did not clearly err in finding that the alleged incidences of excessive force involving Poulson and Spell do not appear to arise out of the same transaction, occurrence, or series of transactions or occurrences. There is no clear error in Judge Johnston's finding that Spell has not signed any document filed in this Court nor do the allegations set forth regarding Spell state a claim upon which relief may be granted because there are no named defendants. Plaintiff may not

add Spell as a plaintiff in this action, and his motion to amend is denied.

Judge Johnston did not clearly err in finding that this action may not proceed as a class action. Generally, pro se plaintiffs are prohibited from pursuing claims on behalf of others in a representative capacity. *Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008). Plaintiff's motion for class certification is denied.

There being no clear error remaining in any of Judge Johnston's three Findings and Recommendations,

IT IS ORDERED that:

1) Judge Johnston's Findings and Recommendations (Docs. 19, 26, 40) are ADOPTED IN FULL.

2) Plaintiff's verbal harassment, ADA, and medical care claims are DISMISSED WITH PREJUDICE.

3) Defendants Kohut, Bruce, Kirkegard, Batista, Bullock, Griffin, and Piranian are DISMISSED.

4) Plaintiff's Motion to Amend (Doc. 24) and Motion for a Preliminary Injunction (Doc. 25) are DENIED.

5) Plaintiff's Motion for a Preliminary Injunction (Doc. 32), and Motion to Amend and Motion for Class Certification (Doc. 35) are DENIED.

DATED this 12th day of October, 2015.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court

8