IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KERMIT POULSON,<br><br>Plaintiff,<br><br>vs.<br><br>DERICK BUDD, BEAU BALTEZAR, GARRETT KENT, SAM SHORT, JOSH SWEENEY, AND JASON TRUDEAU,<br><br>Defendants. | CV 14-00043-H-DLC-JTJ<br><br>ORDER |

Plaintiff Kermit Poulson has filed a motion to clarify statement, motion for court order to modify conditions of confinement for access to courts, and motion for the appointment of counsel. (Docs. 54-56.) The motions do not comply with Local Rule 7.1 because Mr. Poulson does not state in the text of the motions whether he contacted the other parties or whether any party objects to the motions. L.R. 7.1(c)(1). Thus, the motions will be denied.

To the extent Mr. Poulson's motion to clarify statement (Doc. 54) seeks to amend his pleadings, it is untimely. The deadline for filing amendments to pleadings was June 19, 2015. (Scheduling Order, Doc. 29.)

Mr. Poulson seeks an order to compel the librarian at Montana State Prison

1

to provide him free legal copies, pens, paper and stamped envelopes. (Doc. 55.) The librarian at the prison is not a party to this action. A district court has no authority to grant relief where it has no jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication.") (alteration in original) (citation and internal quotation omitted).

Lastly, the Court will not request counsel represent Mr. Poulson at this late stage in the litigation. (Doc. 56.) No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). Unlike in criminal cases, the statute that applies in civil cases does not give a court the power to simply appoint an attorney. 28 U.S.C. § 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit–a judge can merely request a lawyer to do so. *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). Further, much different from a criminal case, a judge may only request counsel for an indigent plaintiff

under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Many indigent plaintiffs might fare better if represented by counsel, particularly in more complex areas such as discovery and the securing of expert testimony. However, this is not the test. *Rand*, 113 F.3d at 1525. Plaintiffs representing themselves, or "pro se litigants," are rarely able to research and investigate facts easily. This alone does not deem a case complex. *See Wilborn*, 789 F.2d at 1331. Factual disputes and thus anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of counsel. *Rand*, 113 F.3d at 1525.

Mr. Poulson has not made a sufficient showing of exceptional circumstances. He has not demonstrated a likelihood of success on the merits or his inability to articulate his claims pro se. As discovery has ended in this case and motions are due in less than a month, the Court will not request counsel to

represent Mr. Poulson at this late stage in the litigation.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Poulson's Motion to Clarify Statement (Doc. 54) is **DENIED**.

2. Mr. Poulson's Motion for Court Order to Modify Conditions of Confinement for Access to Courts (Doc. 55) is **DENIED**.

3. Mr. Poulson's Motion for Appointment of Counsel (Doc. 56) is **DENIED**.

DATED this 22nd day of February, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge