IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KERMIT POULSON,<br><br>Plaintiff,<br><br>vs.<br><br>DERICK BUDD, BEAU BALTEZAR, GARRETT KENT, SAM SHORT, JOSH SWEENEY, and JASON TRUDEAU,<br><br>Defendants. | CV 14-00043-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff Kermit Poulson filed the following motions:

(1) "Motion to Request a 90-day Extension to Produce Discovery because Case was Re-opened and Objection to Judge Ruling Against Time for Discovery as Past" (Doc. 63);

(2) "Motion Requesting an Extension of Time and a New Scheduling Order to Prepare Discovery and a Request for Substitution of Magistrate" (Doc. 64);

(3) "Motion Objecting to Order filed 2/22/2016 of Doc. 54, 55, 56, et al." (Doc. 67);

1

(4) Application of Appointment of Counsel (Doc. 68);

(5) Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 69); and

(6) "Motion Requesting Blank Witness Subpoena Forms" (Doc. 78).

Mr. Poulson's motions do not comply with Local Rule 7.1. Mr. Poulson did not state in the text of the motions whether he contacted the other parties or whether any party objects to the motions. L.R. 7.1(c)(1).[1] As such, the motions are subject to summary denial. In addition, the motions fail for the following reasons.

## I. Requests for Extensions

Mr. Poulson filed two motions requesting a 90-day extension of time to prepare discovery, requests for admissions, interrogatories, and motions to compel discovery. (Docs. 63–64.) Mr. Poulson filed this case on July 1, 2014; Mr. Poulson amended his complaint, and his excessive use of force claim was served upon Defendants Budd and the IPS Officers on March 16, 2015. (Doc. 19.) The Court issued a Scheduling Order on May 19, 2015, allowing the parties until

---

[1] In his Motion Objecting to the Court's February 22, 2016 Order, Mr. Poulson represents that he does not understand Local Rule 7.1. As stated above, this rule simply requires Mr. Poulson to contact opposing counsel prior to filing his motions to see if opposing counsel objects. To avoid further confusion, the Clerk of Court will be directed to send Mr. Poulson a copy of Local Rule 7.1.

October 5, 2015, to conduct discovery and until October 30, 2015, to file dispositive motions. (Doc. 29.) After the close of discovery and just four days before the motions deadline, Mr. Poulson sought to voluntarily dismiss this case. (Doc. 45.) On November 18, 2016, the Court issued Findings and Recommendations to grant that motion. (Doc. 49.) On January 14, 2016, while those recommendations were pending, Mr. Poulson filed a motion to withdraw his request to dismiss. (Doc. 50.) That motion was granted on February 10, 2016, and on February 16, 2016, the Court issued a Scheduling Order attempting to place the parties in the position they would have been in had Mr. Poulson not significantly delayed this matter by requesting to dismiss the case. Pursuant to that amended scheduling order, motions were due on or before March 11, 2016. (Doc. 53.) Defendants moved to continue that deadline, and the motions deadline was moved to March 25, 2016. (Doc. 62.)

Mr. Poulson filed the motions at issue in this Order and a motion for summary judgment on March 14, 2016. (Docs. 63–69.) Defendants filed a motion for summary judgment based upon Mr. Poulson's alleged failure to exhaust his administrative remedies on March 16, 2016. (Doc. 70.)

Discovery ended in this matter on October 5, 2015. Mr. Poulson did not make any motions seeking to extend discovery before that deadline. His

3

representation that he was on medications during the prior discovery period that "made time and space and reality off based" is unpersuasive. The initial scheduling order allowed four and a half months to conduct discovery. During that time, Mr. Poulson filed seven motions and a supplement to his complaint. He was clearly capable of litigating this matter; he simply chose not do.

Motions for summary judgment have been filed, and this matter has been pending for almost two years. Mr. Poulson has not stated a sufficient basis upon which to delay this matter further. The motions for extensions will be denied. The Court will not reopen discovery.

## II. Motion for Substitution of Magistrate

In his second motion requesting a new scheduling order, Mr. Poulson requests a substitution of the magistrate judge. (Doc. 64.) He complains that the undersigned denied him access to the courts and a court-appointed attorney.

Section 144 of Title 28 of the United States Code provides, in relevant part, as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. [... The party's affidavit] shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

4

28 U.S.C. § 144. The certificate of good faith required under this section must be provided by a member of the bar or the movant's counsel of record. *See Robinson v. Gregory*, 929 F. Supp. 334, 337–38 (S.D. Ind. 1996). Consequently, a pro se litigant who has not provided a certificate of good faith from a member of the bar may not employ the disqualification procedures set forth in 28 U.S.C. § 144. *Id.*; *see also Jimena v. UBS AG Bank*, 2010 WL 2650714, *3 (E.D. Cal. 2010); *United States v. Briggs*, 2007 WL 1364682, *1 (D. Idaho 2007). Mr. Poulson has not submitted a certificate of counsel as required by Section 144. Thus, Poulson cannot pursue his motion under this section.

The Court will, however, consider the merits of Poulson's motion under the provisions of 28 U.S.C. § 455. *See In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (concluding that a motion for disqualification under section 455 "is addressed to, and must be decided by, the very judge whose impartiality is being questioned"). The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted). Ordinarily, the alleged bias must stem from an "extrajudicial source." *Liteky v.*

*United States*, 510 U.S. 540, 554–56 (1994). "The judge against whom the motion for recusal is filed may determine the legal sufficiency of the affidavit." *O'Connor v. U.S.*, 935 F.2d 275 (9th Cir. 1991).

"[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id*. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

As set forth in the Court's prior rulings, the Court has never displayed antagonism toward Mr. Poulson, and there is no basis on which to question this Court's impartiality in this matter. The motion for substitution will be denied.

### III. Motion for Appointment of Counsel

This is Poulson's second motion for appointment of counsel in the past month. For the reasons stated in the Court's prior Order denying his motion for counsel (Doc. 58), Mr. Poulson's current motion for appointment of counsel will be denied.

Mr. Poulson offers no persuasive argument as to his likelihood of success on the merits, and he is clearly capable of litigating this matter pro se. Mr. Poulson

has filed 11 civil cases in this Court and five petitions for writ of habeas corpus. He filed cases both before and after he went to prison. He is an experienced litigant who is familiar with the court process and has demonstrated the ability to present his claims. The motion for counsel will be denied.

**IV. Motion Objecting to Order of February 22, 2016**

Mr. Poulson argues that he cannot comply with the Court's scheduling order unless prison officials are ordered to supply him with free legal copies, pens, paper, and stamped envelopes. He also asks for the appointment of counsel, which is addressed above. To the extent the motion can be considered a motion for reconsideration, it must be denied. Local Rule 7.3 requires a party to make a motion for leave to file a motion for reconsideration that meets at least one of the following two criteria:

> (1) (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, and
> (B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or
> (2) new material facts emerged or a change of law occurred after entry of the order.

L.R. 7.3(b).

Mr. Poulson's motion does not meet either criteria. He simply argues that he

is not getting adequate legal supplies from the prison. Given the number of motions that Mr. Poulson has filed in this and other cases, it appears that he has access to sufficient legal supplies. The motion will be denied.

**V. Preliminary Injunction**

Mr. Poulson did not file a motion for a preliminary injunction and temporary restraining order; instead, he submitted a proposed order for a preliminary injunction and temporary restraining order and a supporting affidavit. Even liberally construing these filings as a motion for preliminary injunction and temporary restraining order, it should be denied.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter* v. *Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc.* v. *A.. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely

8

to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance/or the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks omitted).

Nevertheless, a preliminary injunction "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

As set forth above, Mr. Poulson has made no attempt to demonstrate a

9

likelihood of success on the merits of his claim. In fact, Defendants have filed a motion for summary judgment asking that Mr. Poulson's case be dismissed based upon his failure to exhaust his administrative remedies. Mr. Poulson has not yet filed a response to that motion. Instead, he continues to inundate the Court with unrelated motions.

Moreover, Mr. Poulson seeks an order from this Court preventing Defendants, all of whom are security officers at Montana State Prison, from entering the housing unit where Mr. Poulson is held. It is well settled that prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). The Court will not interfere with day-to-day prison administrative decisions such as those made by Defendants. *See Bell*, 441 U.S. at 562; *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (federal courts should avoid enmeshing themselves in the minutiae of prison operations in the name of the Eighth Amendment).

Finally, Mr. Poulson signed his supporting affidavit on March 4, 2016, and attached an informal resolution form regarding the incident at issue in his motion, which is dated March 3, 2016. Clearly, Mr. Poulson has not completed the

grievance procedure with regard to this incident, and the Court should not interfere on an issue that has not been fully grieved in the prison. The motion for preliminary injunction and temporary restraining order should be denied.

**VI. Motion for Subpoenas**

Mr. Poulson also filed a Motion requesting blank witness subpoena forms. While generally the Clerk of Court's office would provide these documents, there is no need to do so in this situation. Discovery is closed, and this matter has not yet been scheduled for trial. As such, there is no need for subpoenas at this stage in the litigation. The motion will be denied without prejudice.

Accordingly, the Court issues the following:

**ORDER**

1. Poulson's "Motion to Request a 90-day Extension to Produce Discovery because Case was Re-opened and Objection to Judge Ruling Against Time for Discovery as Past" (Doc. 63) is **DENIED**.

2. Poulson's "Motion Requesting an Extension of Time and a New Scheduling Order to Prepare Discovery and a Request for Substitution of Magistrate" (Doc. 64) is **DENIED**.

3. Poulson's "Motion Objecting to Order filed 2/22/2016 of Doc. 54, 55, 56, et al." (Doc. 67) is **DENIED**.

4. Poulson's Application of Appointment of Counsel (Doc. 68) is **DENIED**.

5. Poulson's "Motion Requesting Blank Witness Subpoena Forms" (Doc. 78) is **DENIED**.

6. The Clerk of Court is directed to provide Mr. Poulson with a copy of Local Rule 7.1.

Further the Court issues the following:

### RECOMMENDATION

Poulson's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 69) should be **DENIED**.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 29th day of March, 2016.

          */s/ John Johnston*
          John Johnston
          United States Magistrate Judge